# EXHIBIT A

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| MICHAEL SCOTT, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. _____ |
| HARBOR FREIGHT TOOLS USA, INC., | ) |
| *Serve*: Registered Agent | ) |
|        Corporate Creations Network, Inc. | ) |
|        12747 Olive Boulevard, #300 | ) |
|        St. Louis, MO 63141 | ) |
|                 Defendants, | ) |

### PETITION FOR DAMAGES

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

**COMES NOW** Plaintiff, Michael Scott, by and through his attorneys of record, Eric M. Belk and Steven J. Blair, of Hall Ansley, P.C., and for his claims and causes of action against Harbor Freight Tools USA, Inc., states, alleges and avers to the Court as follows:

### PLAINTIFF

1. That Plaintiff Michael Scott is an individual citizen and resident of Springfield, Greene County, Missouri.

### DEFENDANT

2. That Harbor Freight Tools USA, Inc., (hereinafter sometimes referred to as Harbor Freight) is and was at all times hereinafter mentioned a foreign corporation, in good standing in the State of Missouri, duly authorized and existing according to law and doing business in Missouri, and whose registered agent is listed above.

1

## JURISDICTION AND VENUE

3. That Plaintiff Michael Scott was injured while in Greene County, Missouri, and that the causes of action alleged are torts; that Scott's damages exceed $25,000; and that, pursuant to V.A.M.S. Section 506.500 and Section 508.010, this Court has jurisdiction and venue, respectively, in this cause.

## FACTS OF THE OCCURRENCE

4. That at all times material to this Petition, Defendant Harbor Freight engaged in the business of designing, manufacturing, distributing, assembling, marketing and selling tools, including but not limited to a 16" Ball Joint Separator (SKU 63420), which Harbor Freight represents is to be used to separate ball joints and tie rods quickly and easily without damage by positioning the tool and striking it with a hammer. Defendant Harbor Freight further represents that said tool is drop forged for "added durability" and to "withstand hard use."

5. That on or about August 23, 2019, Plaintiff was using the 16" Ball Joint Separator purchased from Harbor Freight for its intended purpose and in the manner represented to be appropriate by Defendant Harbor Freight when the tool unexpectedly fractured and fragmented, shooting a shard of the tool's metal into Plaintiff's left eye underneath his safety glasses, thereby causing Plaintiff to lose his vision in said eye.

## COUNT I – STRICT LIABILITY: PRODUCT DEFECT
## AGAINST HARBOR FREIGHT TOOLS USA, INC.

**COMES NOW** Plaintiff, Michael Scott, by and through his attorneys, and for his claims and cause of action on Count I of this Petition against Harbor Freight Tools USA, Inc., states, alleges and avers to the Court as follows:

6. That Plaintiff realleges and restates all paragraphs of the General Allegations of this Petition, and incorporates each of said paragraphs herein by reference.

7. That the 16" Ball Joint Separator was defective and unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics in that:

   a. it was made with a substandard grade or type of metal of inadequate impact strength to withstand being struck with a hammer as intended by Harbor Freight, thereby placing users of the tool, or those within close proximity of the tool's use, at risk of flying metal.

   b. it was designed in such a way as to permit the tool to fracture and/or fragment under a reasonably anticipated impact load, thereby placing users or those within close proximity of the tool's use at risk of flying metal.

8. That the foregoing unreasonably dangerous conditions existed when the 16" Ball Joint Separator was designed, manufactured, distributed, assembled, marketed and sold by Harbor Freight.

9. That at the time of the incident alleged in this Petition, the 16" Ball Joint Separator was in substantially the same condition as when designed, manufactured, distributed,

assembled, marketed and placed into the stream of commerce by Harbor Freight.

10. That as a direct and proximate cause of the above defect(s), Plaintiff Michael Scott has lost the vision in his left eye, has incurred medical bills (past and future), has lost wages, has diminished earning capacity, has past and continuing pain and discomfort and disfigurement, and these injuries and damages are permanent.

**WHEREFORE**, Plaintiff Michael Scott prays for judgment against Harbor Freight on Count I of this Petition in an amount that is determined to be fair and reasonable by the finder of fact, with prejudgment interest on said sum pursuant to R.S.Mo § 408.040.2 at the statutory rate as determined by law for prejudgment interest; for Plaintiff 's costs herein expended and incurred, and for such further and other relief as deems just and proper under the premises.

**COUNT II – STRICT LIABILITY: FAILURE TO WARN**
**AGAINST HARBOR FREIGHT TOOLS USA, INC.**

**COMES NOW** Plaintiff, Michael Scott, by and through his attorneys, and for his claims and cause of action on Count II of this Petition against Harbor Freight, alleges and states as follows:

11. That Plaintiff realleges and restates all of the paragraphs in the General Allegations and Count I of this Petition, and incorporates each of said paragraphs herein by reference.

12. That the 16" Ball Joint Separator was defective and unreasonably dangerous when put to its reasonably anticipated use without knowledge of its characteristics.

13. That the unreasonably dangerous condition existed when the 16" Ball Joint

Separator was designed, manufactured, marketed and placed into the stream of commerce by Harbor Freight.

14. That Harbor Freight failed to give adequate warning of the dangerous and defective conditions of the ball joint separator.

15. That Harbor Freight's failure to warn of the unreasonably dangerous and defective condition of the ball joint separator includes, but is not limited to, one or more of the following:

   a. Failure to warn that the 16" Ball Joint Separator could fracture and/or fragment during normal use, thereby placing the user or those within close proximity to the tool's use at risk of serious injury;

   b. Failure to warn that the 16" Ball Joint Separator would not tolerate an ordinary and intended impact load when Harbor Freight represented and instructed that the recommended use of the tool required it to be struck with a hammer;

   c. Failure to warn that, due to the design and construction of the 16" Ball Joint Separator, safety glasses would provide the user or those within close proximity to the tool's use with inadequate protection against the risk of flying metal caused by the failure of the tool under an anticipated impact load of being struck with a hammer;

   d. Failure to warn that, due to the inferior metal utilized to construct the 16" Ball Joint Separator, safety glasses would provide the user or those within close proximity to the tool's use with inadequate protection against the risk of flying metal caused by the failure of the tool under an anticipated impact load of being struck with a hammer;

Electronically Filed - Greene - September 15, 2021 - 04:49 PM

e. Failure to provide the user with documentation describing the procedure to safely use the 16" Ball Joint Separator in order to minimize the risk of the tool fracturing and/or fragmenting under the anticipated impact load of being struck with a hammer;

16. That as a direct and proximate result of Harbor Freight's failure to warn in the manners described herein, Plaintiff Michael Scott has lost the vision in his left eye, has incurred medical bills (past and future), has lost wages, has diminished earning capacity, has past and continuing pain and discomfort and disfigurement, and these injuries and damages are permanent.

**WHEREFORE**, Plaintiff Michael Scott prays for judgment against Harbor Freight on Count II of this Petition in an amount that is determined to be fair and reasonable by the finder of fact, with prejudgment interest on said sum pursuant to R.S.Mo § 408.040.2 at the statutory rate as determined by law for prejudgment interest; for Plaintiff 's costs herein expended and incurred, and for such further and other relief as deems just and proper under the premises.

### COUNT III – BREACH OF WARRANTY
### AGAINST HARBOR FREIGHT TOOLS USA, INC.

**COMES NOW** Plaintiff, Michael Scott, by and through his attorneys, and for his claims and cause of action on Count III of this Petition against Harbor Freight, alleges and states as follows:

18. That Plaintiff realleges and restates all of the paragraphs in the General Allegations and Counts I and II of this Petition, and incorporates each of said paragraphs herein by reference.

Electronically Filed - Greene - September 15, 2021 - 04:49 PM

19. That alternatively, Harbor Freight, by manufacturing, marketing, distributing and placing the 16" Ball Joint Separator into the stream of commerce, impliedly warranted to purchasers and users of the that the 16" Ball Joint Separator was safe, fit, and merchantable for its intended, foreseeable and known uses and purposes and was free from defects.

20. That Harbor Freight breached their warranties as the 16" Ball Joint Separator was defective in that:

    a. the 16" Ball Joint Separator was designed:

        i. in such a manner that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

        ii. in such a manner that the 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury, while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

    b. the 16" Ball Joint Separator was manufactured:

        i. in such a manner that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

        ii. in such a manner that 16" Ball Joint Separator was not designed to protect

Electronically Filed - Greene - September 15, 2021 - 04:49 PM

    a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

 c. in furnishing the 16" Ball Joint Separator knowing:

  i. that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

  ii. that 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

 d. in failing to test the 16" Ball Joint Separator to ensure:

  i. that the 16" Ball Joint Separator would tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby protecting the user or those within close proximity to the tool's use from the risk of flying metal;

  ii. that the 16" Ball Joint Separator was designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case;

  e. in failing to warn or instruct purchasers, owners and users:

    i. that the 16" Ball Joint Separator 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby protecting the user or those within close proximity to the tool's use from the risk of flying metal;

    ii. that the 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

    iii. that serious injury could result during regular and anticipated use of the 16" Ball Joint Separator.

  21. That as a direct and proximate result of Harbor Freight's breaches of its implied or express warranties of fitness for a particular purpose in the manners described herein, Plaintiff Michael Scott has lost the vision in his left eye, has incurred medical bills (past and future), has lost wages, has diminished earning capacity, has past and continuing pain and discomfort and disfigurement, and these injuries and damages are permanent.

  **WHEREFORE**, Plaintiff Michael Scott prays for judgment against Harbor Freight on Count IIII of this Petition in an amount that is determined to be fair and reasonable by the finder of fact, with prejudgment interest on said sum pursuant to R.S.Mo § 408.040.2 at the statutory rate as determined by law for prejudgment interest; for Plaintiff 's costs herein expended and incurred, and for such further and other relief as deems just and proper under the premises.

## COUNT IV – NEGLIGENCE
## AGAINST HARBOR FREIGHT TOOLS USA, INC.

**COMES NOW** Plaintiff, Michael Scott, by and through his attorney, and for his claim and cause of action on Count IV of this Petition against Harbor Freight alleges and states as follows:

22. That Plaintiff realleges and restates all of the paragraphs in the General Allegations and Counts I, II and III of this Petition, and incorporates each of said paragraphs herein by reference.

23. That alternatively, Harbor Freight was negligent in the following particulars:

    a. negligently and carelessly designing the 16" Ball Joint Separator:

        i. in that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

        ii. in that the 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury, while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

    b. negligently and carelessly manufacturing the 16" Ball Joint Separator:

        i. in that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting,

                thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

        ii.        in that 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

c.        negligently and carelessly placing the 16" Ball Joint Separator into the stream of commerce knowing:

        i.        that the 16" Ball Joint Separator would not tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby placing the user or those within close proximity to the tool's use at risk of flying metal;

        ii.        that 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case*;*

d.        negligently and carelessly failing to test the 16" Ball Joint Separator to ensure:

        i.        that the 16" Ball Joint Separator would tolerate an ordinary and foreseeable impact load without fracturing or fragmenting, thereby protecting the user or those within close proximity to the tool's use

11

        from the risk of flying metal;

    ii.    that the 16" Ball Joint Separator was designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case;

e.    negligently and carelessly failing to warn or instruct purchasers, owners and users:

    i.    that the 16" Ball Joint Separator 16" Ball Joint Separator would tolerate an ordinary and foreseeable impact load without fracturing not fragmenting, thereby protecting the user or those within close proximity to the tool's use from the risk of flying metal;

    ii.    that the 16" Ball Joint Separator was not designed to protect a reasonably foreseeable user, such as Plaintiff, from injury while using the 16" Ball Joint Separator under reasonably foreseeable accident conditions, such as the accident in this case;

    iii.    that serious injury could result during regular and anticipated use of the 16" Ball Joint Separator.

12

**WHEREFORE**, Plaintiff Michael Scott prays for judgment against Harbor Freight on Count IV of this Petition in an amount that is determined to be fair and reasonable by the finder of fact, with prejudgment interest on said sum pursuant to R.S.Mo § 408.040.2 at the statutory rate as determined by law for prejudgment interest; for Plaintiff's costs herein expended and incurred, and for such further and other relief as deems just and proper under the premises.

                                      HALL ANSLEY
                                      A Professional Corporation

By: _____
        ERIC M. BELK
        Missouri Bar Number 42138
        STEVEN J. BLAIR
        Missouri Bar Number 52706

3275 East Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
Email: ericmbelk@hallansley.com
Email: sblair@hallansley.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a 12 person jury trial in the above-captioned cause in accordance with the laws of the State of Missouri.

_____
Eric M. Belk



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2131-CC01012 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL SCOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIC MARTIN BELK<br>3335 E RIDGEVIEW ST<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>HARBOR FREIGHT TOOLS USA INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** HARBOR FREIGHT TOOLS USA INC
                            Alias:

R/A: CORPORATE CREATIONS NETWORK INC
12747 OLIVE BLVD # 300
ST LOUIS, MO 63141

*COURT SEAL OF GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      09/16/2021                /s/ Thomas R. Barr by JJ
         Date                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                   Date                      Notary Public

**Sheriff's Fees, if applicable**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 21-SMCC-2146  1 of 1  Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03282-SRB   Document 1-1   Filed 10/29/21   Page 15 of 17

95

Kesunla



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

SB
10-16

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2131-CC01012 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL SCOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIC MARTIN BELK<br>3335 E RIDGEVIEW ST<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>HARBOR FREIGHT TOOLS USA INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HARBOR FREIGHT TOOLS USA INC
Alias:

R/A: CORPORATE CREATIONS NETWORK INC
12747 OLIVE BLVD # 300  12
ST LOUIS, MO 63141      DEPOS
                         W

COURT SEAL OF
GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09/16/2021 — Date
/s/ Thomas R. Barr by JJ — Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
Melissa (name) Receptionist (title).
☐ other: _____.

Served at 12747 Olive #300 (address)
in St Louis (County/City of St. Louis), MO, on 9/29/21 (date) at 0800 (time).

Scott DePolito
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date                                     Notary Public

**Sheriff's Fees, if applicable**
Summons                             $_____
Non Est                             $_____
Sheriff's Deputy Salary
Supplemental Surcharge              $   10.00
Mileage                             $_____ (_____ miles @ $._____ per mile)
Total                               $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-86668

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-2146    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03282-SRB  Document 1-1  Filed 10/29/21  Page 16 of 17

# IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| MICHAEL SCOTT, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>HARBOR FREIGHT TOOLS USA, INC., )<br>*Serve*: Registered Agent )<br>   Corporate Creations Network, Inc. )<br>   12747 Olive Boulevard, #300 )<br>   St. Louis, MO 63141 )<br>)<br>   Defendants, ) | Case No. 2131-CC01012 |

## **CERTIFICATE OF SERVICE**

  The undersigned, attorneys of record for Plaintiff, Michael Scott, hereby certify that **Plaintiff's First set of Interrogatories directed to Harbor Freight Tools USA, Inc., and Plaintiff's First Request for Production of Documents directed to Harbor Freight Tools USA, Inc.**, were mailed on this 22nd day of September, 2021, postage prepaid to the Sheriff of St. Louis County, Missouri along with a CD containing said discovery in WORD format pursuant to Missouri Rules of Civil Procedure 57.01, to be served on Defendant with the Summons and Petition.

             HALL ANSLEY
             A Professional Corporation

          By: _____
             ERIC M. BELK
             Missouri Bar Number 42138
             STEVEN J. BLAIR
             Missouri Bar Number 52706

          3275 East Ridgeview
          Springfield, MO 65804
          Telephone: 417/890-8700
          Facsimile: 417/890-8855
          Email: ericmbelk@hallansley.com
          Email: sblair@hallansley.com

          *Attorneys for Plaintiff*